UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LISA R.,

               Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

Case No. C20-6239-SKV

ORDER REVERSING THE COMMISSIONER'S DECISION

      Plaintiff seeks review of the denial of her application for Supplemental Security Income (SSI). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

      Plaintiff was born in 1962, has a limited education, and previously worked as cashier checker and dispatcher/accounting clerk. AR 26. Plaintiff was last gainfully employed on August 27, 2018. AR 19.

On August 27, 2018, Plaintiff applied for benefits, later amending her alleged onset of disability to August 27, 2018. AR 16. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. After the ALJ conducted a hearing on June 17, 2020, the ALJ issued a decision finding Plaintiff not disabled. AR 13-32. On October 29, 2020, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-7. Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. 4.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**: Plaintiff has not engaged in substantial gainful activity since August 27, 2018.

**Step two**: Plaintiff has the following severe impairments: PTSD and major depressive disorder.

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity**: Plaintiff can perform a full range of work at all exertional levels subject to a series of nonexertional limitations.

**Step four**: Plaintiff cannot perform past relevant work.

**Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 16-27.

//

//

//

//

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P., App. 1.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 2

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## DISCUSSION

Plaintiff argues the ALJ erred by misevaluating the medical evidence, by discounting her testimony, and by declining to weigh lay witness testimony. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

**A.  The ALJ Erred in Evaluating the Medical Evidence**

In assessing Plaintiff's August 2018 application for benefits, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported by and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c) 416.920c(a)-(c).

The Commissioner argues that the regulations promulgated in 2017 changed the legal standards previously articulated by the Ninth Circuit.  *See* Dkt. 19 at 3-7.  Under current Ninth Circuit precedent, an ALJ must provide "clear and convincing" reasons to reject an uncontradicted opinion from a treating or examining doctor, and "specific and legitimate" reasons to reject a contradicted opinion from such doctor.  *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995).  The Ninth Circuit has not yet addressed the 2017 regulations in relation to its standards for the review of medical opinions.  It is not, in any event, clear that the Court's consideration of the adequacy of an ALJ's reasoning under the new regulations would differ in any significant respect.  The new regulations still require ALJs to explain their reasoning with specific reference to how they considered the supportability and consistency factors, 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b), and that reasoning must remain legitimate.  *See Thomas S. v. Comm'r of Social Sec.*, 2020 WL 5494904, at *2 (W.D. Wash. Sept. 11, 2020).  The Court must, moreover, continue to consider whether the ALJ's analysis has the support of substantial evidence.  *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).  With these regulations and considerations in mind, the Court proceeds to its analysis of the medical evidence in this case.

//

//

//

*1. Philip Gibson, Ph.D.*

Dr. Gibson examined Plaintiff on November 24, 2018, conducted a clinical interview and administered a mental status examination, and opined Plaintiff "would have difficulty accepting instructions from supervisors," "interacting with coworkers and the public," "maintaining regular attendance and completing a normal workday/workweek without interruptions from a psychiatric condition," and "dealing with the usual stress encountered in the workplace." AR 332. The ALJ found Dr. Gibson's opinion "not persuasive." AR 25.

The ALJ first discounted Dr. Gibson's opinion on the ground it "is vague and not well-supported with explanation." AR 25. The Commissioner contends the ALJ rejected the opinion because it "[did] not specify the degree of difficulty anticipated." Dkt. 19 at 10. However, the ALJ did not explicitly advance this reasoning. The Court reviews the ALJ's decision "based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) (citing, *inter alia*, *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999) ("The requirement of reason-giving exists, in part, to let claimants understand the disposition of their cases…")). In any event, the ALJ was required but failed to develop the record, in light of Dr. Gibson's omission of more specific degrees of functional impairment (*i.e*, severe, marked, moderate). "The ALJ in a social security case has an independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (cleaned up). "Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to conduct an appropriate inquiry." *Id*. (cleaned up). The ALJ should have recontacted Dr. Gibson and requested a revised report. *See, e.g.*, 20 C.F.R. §§

ORDER REVERSING THE COMMISSIONER'S
DECISION - 5

404.1519p(b), 416.919p(b) (where the report of a consultative examiner is "inadequate or incomplete" the agency will ask the examiner to furnish the missing information or prepare a revised report).  The ALJ accordingly erred by discounting Dr. Gibson's opinion on this ground.

The ALJ also discounted Dr. Gibson's opinion, specifically his opined limitation concerning Plaintiff's attendance, as inconsistent with Plaintiff's "normal memory" and "her ability to shop for groceries and take her dog on walks." AR 25.  These are not legitimate inconsistencies.  The ALJ accordingly erred by discounting Dr. Gibson's opinion on this ground.

### 2.  *Peter Weiss, Ph.D. and Holly Petaja, Ph.D.*

Dr. Weiss examined Plaintiff on October 29, 2018, and opined, among other things, Plaintiff had severe limitations performing activities within a schedule, maintaining regular attendance, being punctual within customary tolerances without special supervision, and completing a normal workday and work week without interruptions from psychologically based symptoms.  AR 361.  On review, Dr. Petaja concurred with Dr. Weiss's assessment.  AR 365. The ALJ found the doctors' opinions "not persuasive." AR 25.

The ALJ discounted the doctors' opinions on the ground "[o]n exam, the claimant was appropriately dressed and groomed, with normal speech, cooperative, had normal thought processes, and had normal memory." AR 25.  The ALJ reasoned Plaintiff's "cooperation, normal speech, normal memory, and normal thought process, does not logically support schedule and attendance limitations." AR 25.  In so doing, however, the ALJ misstates the doctors' opinions: neither doctor opined Plaintiff's schedule and attendance limitations flowed from Plaintiff's cooperation, speech, memory, and thought process.  Further, Plaintiff's appearance is neither inconsistent with nor reasonably related to the doctors' opined limitations concerning

Plaintiff's absenteeism.  The ALJ thus relied on unreasonably identified inconsistencies and, accordingly, erred by discounting the doctors' opinions on this ground.

        3.  *Eugene Kester, M.D.*

Plaintiff summarizes the ALJ's treatment of Dr. Kester's opinion, but does not challenge the ALJ's stated reasons for discounting it.  Dkt. 15 at 3-4.  Plaintiff bears the burden of showing the ALJ harmfully erred.  *See Molina*, 674 F.3d at 1111.  Plaintiff's conclusory statement that the ALJ erroneously discounted Dr. Kester's opinion is insufficient to meet this burden.  *See Indep. Towers of Washington v. Washington*, 350 F.3d 925, 930 (9th Cir. 2003) ("Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court. …We require contentions to be accompanied by reasons."); *see generally Carmickle v. Commissioner*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address issues not argued with any specificity); *see also James M. v. Comm'r of Soc. Sec.*, 2020 WL 3605630, at *2 (W.D. Wash. July 2, 2020) ("[I]t is not enough merely to present an argument in the skimpiest way (i.e., listing the evidence), and leave the Court to do counsel's work—framing the argument, and putting flesh on its bones through a discussion of the applicable law and facts.").

        4.  *Kristine Harrison, Psy.D.*

Dr. Harrison reviewed Plaintiff's records on reconsideration and opined, as the ALJ indicated, Plaintiff "retained the capacity for simple tasks, despite waning concentration, persistence, and pace during symptom exacerbations, could interact with others on an occasional/superficial basis, and could adjust to modest changes in the workplace, but would do best in a setting stable in location, processes and schedule."  AR 24.  The ALJ found this opinion "persuasive."  AR 24.

1    Plaintiff contends the ALJ erred by failing to "include in her RFC finding that [Plaintiff]

2    retains the capacity to interact with others on a superficial basis." Dkt. 15 at 4. However, the

3    RFC specifically limited Plaintiff to "occasional contact with the general public, coworkers, and

4    supervisors." AR 20-21. The Court does not find a meaningful difference between "superficial"

5    and "occasional" here. *See Shaibi v. Berryhill*, 883 F.3d 1102, 1106-07 (9th Cir. 2017). The

6    Court thus declines to disturb the ALJ's treatment of Dr. Harrison's opinion.

7    **B. The ALJ Erred by Discounting Plaintiff's Testimony**

8    The ALJ determined Plaintiff's medically determinable impairments could reasonably be

9    expected to cause the symptoms she alleged and therefore was required to provide "specific,

10    clear, and convincing" reasons supported by substantial evidence to discount her testimony.

11    *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).

12    The ALJ indicated Plaintiff testified, among other things, she has "trouble getting out of

13    the house"; is awakened by her sister "every morning" lest she "sleep excessively"; and does not

14    "go out in public or see friends." AR 21.

15    The ALJ first discounted Plaintiff's testimony as inconsistent with the medical evidence.

16    AR 21-23. However, because the ALJ erred by discounting the opinions of Dr. Gibson, Dr.

17    Weiss, and Dr. Petaja, as discussed above, and the medical evidence must therefore be

18    reevaluated, this is not a valid ground to discount Plaintiff's testimony.

19    The ALJ also discounted Plaintiff's testimony as inconsistent with her activities. The

20    ALJ indicated Plaintiff does "laundry, vacuum[s], and walk[s] the dog," and "drive[s] and

21    shop[s] for groceries" with her sister. AR 23. Substantial evidence does not support this ground.

22    The minimal activities the ALJ cites do not undercut Plaintiff's claims. *See Vertigan v. Halter*,

23    260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a

plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled.") (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("Several courts, including this one, have recognized that disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations."); *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (noting that a disability claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits). Further, Plaintiff's minimal activities do not "meet the threshold for transferable work skills." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair*, 885 F.2d at 603). The ALJ accordingly erred by discounting Plaintiff's testimony on this ground.

### C. The ALJ Erred by Declining to Weigh Lay Witness Testimony

An ALJ may discount lay witness testimony by giving a germane reason. *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017). Plaintiff argues the ALJ erred by failing to discuss testimony submitted by her friends and family.

The ALJ declined to discuss the lay witness testimony, reasoning "[t]he current rules do not require an ALJ to weigh evidence and opinions from non-medical sources." AR 23-24. The Commissioner does not defend the ALJ's position, instead averring the error is harmless in light of the similarities between the lay witness testimony and Plaintiff's testimony. Dkt. 19 at 13 (citing *Molina*, 674 F.3d at 1122). This argument fails, however, because the ALJ erroneously discounted Plaintiff's testimony, as discussed above. The ALJ accordingly erred by failing to discuss the lay witness testimony.

**D. Scope of Remand**

This case must be remanded because the ALJ harmfully misevaluated the medical evidence, Plaintiff's testimony, and the lay witness testimony. Plaintiff contends the Court should remand for an immediate award of benefits. Such a remand should be granted only in a rare case and this is not such a case. The medical evidence, Plaintiff's testimony, and the lay witness testimony must be reweighed, and this is a function the Court cannot perform in the first instance on appeal. Further proceedings are thus not only helpful but necessary. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (noting a remand for an immediate award of benefits is an "extreme remedy," appropriate "only in 'rare circumstances'") (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)).

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reevaluate the opinions of Dr. Gibson, Dr. Weiss, and Dr. Petaja, Plaintiff's testimony, and the lay witness testimony, develop the record and redetermine the RFC as needed, and proceed to the remaining steps as appropriate.

Dated this 9th day of August, 2021.

S. KATE VAUGHAN
United States Magistrate Judge